IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL HERNANDEZ, : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 14-6499 |
| : | |
| SUPERINTENDENT TREVOR : | |
| WIEMER, et al., : | |
| Respondents. : | |

# NOTICE

On November 10, 2014, Angel Hernandez filed this *pro se* § 2254 Petition (Doc. No. 1), challenging his state murder conviction and sentence. On November 17, 2014, I referred this matter to Magistrate Judge Carole Sandra Moore Wells. (Doc. No. 2.) On November 28, 2014, Petitioner filed an Amended Petition (Doc. No. 4), alleging eight grounds for relief. On May 26, 2017, Judge Wells issued her Report and Recommendation (Doc. No 31), urging me to dismiss the Amended Petition.

On June 13, Petitioner filed objections, arguing that Judge Wells did not address certain arguments relating to: (1) Ground Five (trial counsel was ineffective for failing to raise a Fourth Amendment claim); and (2) Ground Six (Petitioner should be resentenced under *Miller v. Alabama*, 567 U.S. 460 (2012)). (Pet.'s Objs. ¶¶ 7–8, 11, Doc. No. 32.) I will overrule Petitioner's objections, adopt the Report and Recommendation in part, and dismiss the Petition.

## I. PROCEDURAL HISTORY

On February 17, 2005, Petitioner was convicted of murder in the Philadelphia Common Pleas Court. On December 22, 2010, the PCRA court dismissed Hernandez's second post-conviction petition. (Doc. No. 22.) On May 24, 2011, Hernandez filed a third PCRA petition, seeking reinstatement of his right to appeal the denial of his second PCRA petition because

PCRA counsel failed to inform him that the first petition had been denied. (Doc. No. 30-2.) On August 9, 2012, Petitioner supplemented his third PCRA petition, adding a claim that he was entitled to be resentenced pursuant to *Miller* and the Equal Protection Clause.

On June 9, 2015, the PCRA court reinstated Petitioner's appellate rights *nunc pro tunc*. (Doc. No. 30-3.) Unfortunately, Petitioner never filed the appeal. The PCRA court did not address Petitioner's *Miller* claim. On July 15, 2015, Judge Wells granted Respondents' Motion to stay the federal habeas proceedings to allow Petitioner to exhaust his state remedies. (Doc. Nos. 16, 20.) On August 31, 2015, Petitioner sent the PCRA court a Letter titled "The Petitioner Waiver [sic] His Reconsideration of the PCRA Petition § 9545, § 9541," effectively withdrawing his PCRA petition so that he could pursue his pending § 2254 Petition. (Doc. No. 30-4.) On September 21, 2016, Judge Wells lifted the stay and, on May 26, 2017, issued her Report and Recommendation. (Doc. Nos. 29, 31.)

## II. STANDARD OF REVIEW

I must review *de novo* those portions of the Report to which timely, specific objections have been filed. 28 U.S.C. § 636(b)(1). I may "accept, reject, or modify, in whole or in part" Judge Wells' findings or recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III. REPORT AND RECOMMENDATION

Judge Wells determined that Grounds Five and Six were procedurally defaulted. Before

seeking federal habeas relief, state prisoners must exhaust their state remedies. 28 U.S.C. § 2254(b). Moreover, federal habeas courts usually will not review claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes, 433 U.S. 72, 81–82 (1977). "[I]f it is clear that the habeas petitioner's claims [would] now [be] procedurally barred under state law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161–62 (1996). Accordingly, before federal courts will review a habeas claim, petitioners usually must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Although Petitioner alleged in his Letter to the PCRA court that he "exhausted his issues and state remedies on all claims," he never presented his *Miller* claim to any Pennsylvania appellate court. (Pet.'s Letter 1, Doc. No. 30-4.) Rather, Petitioner voluntarily abandoned his *Miller* claim when he "waived" his request for PCRA relief. (Id.; see also, e.g., Doc. Nos. 24, 27.) Moreover, under Pennsylvania law, Petitioner is no longer able to present his *Miller* claim to the state courts. See 42 Pa. C.S. § 9545(b). Accordingly, Judge Wells found that because Petitioner's *Miller* claim would be forfeited in state court, Ground Six is procedurally defaulted here. (Rep. & Rec. 9, Doc. No. 31.)

Similarly, Petitioner chose not to appeal the denial of his second PCRA petition— including Ground Five. Under Pennsylvania law, Petitioner's time to appeal has expired. See Pa. R.A.P. 903(a). Judge Wells thus ruled that because Petitioner's ineffectiveness claim would also be forfeited in state court, Ground Five is procedurally defaulted here. (Rep. & Rec. 8, Doc. No. 31.)

3

## IV. OBJECTIONS

I have liberally construed Petitioner's objections that Judge Wells failed to address: (1) his argument that exhaustion of Grounds Five and Six should be excused; (2) his Equal Protection claim; and (3) whether his procedural default on Grounds Five and Six should be excused. (Pet.'s Objs. ¶¶ 5–8, Doc. No. 32.) I will overrule the objections as meritless and moot.

### A. *Futility*

Petitioner argues that Judge Wells should have excused the exhaustion requirement as futile, in light of the PCRA court's three-year delay in addressing his third PCRA petition. Excusing the exhaustion requirement itself would preclude the default of Grounds Five and Six. See Cristin v. Brennan, 281 F.3d 404, 410–11 (3d Cir. 2002); cf. Gray, 518 U.S. at 161–62. Hernandez implicitly raised this argument in his original Petition and other filings throughout these proceedings. (See Pet. 14–15, Doc. No. 1; Pet.'s Status Report 1, Doc. No. 18 ("[P]etiton[er] filed a[n] Objection to [the PCRA] Judge's Notice to Dismiss, requesting a full opining on why after 4 years this PCRA petition was pending."); see also Pet.'s Resp. to PCRA Court Order 3, Doc. No. 28-2 (citing Rinaldi v. Di Gillis, 2003 WL 23200233, at *3 (E.D. Pa. Dec. 23, 2003), rejected in part, 2005 WL 701710 (E.D. Pa. Mar. 28, 2005)); Pet.'s Waiver of PCRA 1, Doc. No. 30-4 ("[P]etitioner claim[s] that he exhausted his issues and state remedies on all claims.").) Respondents addressed it in their Motion to Stay. (Gov't's Resp. to Pet. & Mot. to Stay 7, Doc. No. 16.)

I will not excuse the exhaustion requirement as to Ground Five. "[I]nexcusable or inordinate delay by the state in processing claims for relief may render [a] state remedy effectively unavailable." Wojtezak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986). As I

previously explained, after the PCRA court reinstated Petitioner's right to appeal the denial of Ground Five, he nonetheless chose not to file that appeal. Because relief was thus not "effectively unavailable" in state court, Judge Wells correctly determined that Ground Five was defaulted because it was not timely appealed.

When Hernandez withdrew his third PCRA petition, his *Miller* claim had been pending in state court for approximately thirty-six months. Compare Cristin, 281 F.3d at 411 ("The thirty-three month delay in *Wojtczak* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement."). Nonetheless, I need not decide whether exhaustion of Ground Six should be excused: assuming, *arguendo*, that Petitioner did not have to exhaust (and so did not default) Ground Six, Judge Wells correctly determined in the alternative that Ground Six is meritless. (Rep. & Rec. 9 n.5, Doc. No. 31); see also 28 U.S.C. § 2254(b)(2) (allowing court to deny unexhausted claims on the merits).

In *Miller*, the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller v. Alabama, 567 U.S. 460, 479 (2012). Contrary to Petitioner's arguments, that holding is limited to juvenile offenders. (Pet.'s Objs. ¶¶ 8–15, Doc. No. 32); Tarselli v. Folino, 2016 WL 4154941, at *4 (M.D. Pa. June 7, 2016) (collecting cases); Leafey v. Kerestes, 2014 WL 5823067, at *3–4 (E.D. Pa. Nov. 7, 2014). Because Petitioner was twenty years old when he committed the murder, Judge Wells correctly determined that his sentence does not violate the Eighth Amendment. Accordingly, I will adopt her alternative determination and deny Ground Six on the merits.

## B. *Equal Protection*

Petitioner also objects that Judge Wells did not address his claim that *Miller* should be

extended to non-juveniles under the Equal Protection Clause. (Pet.'s Objs. ¶¶ 11, Doc. No. 32.) Although Petitioner abandoned this claim along with his *Miller* claim in the PCRA court, I again assume without deciding that Petitioner was not required to exhaust it.

Judge Wells did not address this claim because Petitioner did not raise this it in any of his § 2254 filings. See Local R. Civ. P. 72.1.IV(C). In any event, the claim is meritless.

"The Equal Protection Clause directs that all persons similarly circumstanced shall be treated alike." Plyler v. Doe, 457 U.S. 202, 216 (1982) (quotation mark omitted). In his objections, Petitioner does not show that he is similarly situated to the defendant in *Miller* in a critical aspect: his capacity for reform. Eliam v. Fisher, 2014 WL 176793, at *3 (E.D. Pa. Feb. 25, 2014) (holding, in the context of 28 U.S.C. § 2244(d), that Equal Protection Clause does not extend *Miller* to non-juveniles); see also Turner v. Coleman, 2016 WL 3999837, at *8–9 (W.D. Pa. July 26, 2016) ("While Petitioner contends that as a person with mental retardation, his intellect is more akin to that of a juvenile, Petitioner fails to show that he is similarly situated to juveniles in the critical aspect that mentally retarded individuals share as a class with the class of juvenile convicts, *i.e.*, 'greater prospects for reform.'"). In sum, I will overrule Petitioner's objection because he did not raise this issue before Judge Wells, and alternatively deny his claim on the merits.

C. *Procedural Bar*

Petitioner objects that Judge Wells did not thoroughly discuss whether his procedural default should be excused. I do not agree.

He first argues that Judge Wells should have reached the merits of Ground Five because PCRA counsel failed to appeal his ineffectiveness claim. (Pet.'s Objs. ¶ 8, Doc. No. 32.) A federal habeas court may excuse a procedural default if the petitioner shows: (1) cause for the

default and prejudice, or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez v. Ryan, 566 U.S. 1, 9 (2012).

Again, the PCRA court reinstated Petitioner's right to appeal the denial of his ineffectiveness claim; Petitioner chose not to appeal. His claim is thus defaulted. Because PCRA counsel raised this ineffectiveness claim in Hernandez's second PCRA petition, he was not ineffective at the initial-review stage.

To the extent that Petitioner argues that PCRA counsel was obligated to file that appeal, Hernandez still cannot show cause or prejudice. PCRA counsel's failure to appeal is generally not cause to excuse a default. See Coleman v. Thompson, 501 U.S. 722, 752–53 (1991); see also Martinez, 566 U.S. at 9–12 (distinguishing the importance of trial-level and appellate-level habeas counsel in part because "a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim"). In any event, Judge Wells correctly deemed Petitioner's underlying ineffectiveness claim meritless because trial counsel raised his Fourth Amendment claim (on which Ground Five is based) in a pretrial motion to suppress. (Rep. & Rec. 8 n.4, Doc. No. 31.)

Petitioner also argues that declining to reach the merits of Ground Five would cause a miscarriage of justice because "cumulative errors clearly deprived him of a fair trial." (Pet.'s Objs. ¶ 8, Doc. No. 32.) Once again, I do not agree.

The miscarriage of justice standard is a flexible yet extraordinary exception arising from the policies of federalism, comity, and finality that underlie the procedural default rule. See

Schlup v. Delo, 513 U.S. 298, 319–22 (1995). See generally Wainwright v. Sykes, 433 U.S. 72 (1977); Fay v. Noia, 372 U.S. 391, 416–26 (1963). The exception generally applies "only to the case where the miscarriage is tied to the petitioner's actual innocence." Johnson v. Pinchak, 392 F.3d 551, 564 (3d Cir. 2004).

Petitioner has not raised a claim of cumulative error in state or federal court. Cf. Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) ("[A] claim of cumulative error must be presented to the state courts before it may provide a basis for habeas relief."). Further, Petitioner does not and cannot show that any combination of his claims, even if meritorious, even suggests his actual innocence. Accordingly, Petitioner has not shown a miscarriage of justice as to Grounds Five or Six.

In these circumstances, I will overrule Petitioner's objection to Judge Wells' determination that Ground Five is procedurally defaulted. Moreover, because I have already rejected Hernandez's *Miller* claim on the merits, I will also overrule Petitioner's objection as to Ground Six as moot.

V.     **CONCLUSION**

For these reasons, I will overrule Petitioner's objections, adopt Judge Wells' Recommendation, and dismiss the Amended Petition without an evidentiary hearing.

**ORDER**

**AND NOW**, this 22nd day of November, 2017, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) and Amended Petition for Writ of Habeas Corpus (Doc. No. 4), Respondent's Response to Petition for Writ of Habeas Corpus (Doc. No. 30), Magistrate Judge Carole Sandra Moore Wells' Report and Recommendations (Doc. No. 31), and Petitioner's Objections to the Magistrate Report and Recommendation (Doc. No. 32), and after an independent review of the record, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 32) are **OVERRULED**;
2. Judge Wells' Report and Recommendation (Doc. No. 31) is **ADOPTED in part**;
3. Petitioner's § 2254 Petition (Doc. No. 4) is **DISMISSED**; and
4. A Certificate of Appealability is shall **NOT ISSUE**.

It is **FURTHER ORDERED** that the **CLERK OF COURT** shall **CLOSE** this case.

                                          **AND IT IS SO ORDERED.**

                                          */s/ Paul S. Diamond*

                                          Paul S. Diamond, J.